ADA WATERMAN, Respondent, v. ALEXANDER RIGBY, Appellant, and Another, Defendant.— Findings of fact numbered XVI and XIX and conclusions of law numbered III and IV are reversed. The proposed findings

of fact requested by the defendant, numbered II, XI, XII and XIII are found. The conclusion of law requested by the defendant, numbered III, is also found. The judgment of the County Court of Kings county is modified by adding thereto a provision that upon payment by defendant Alexander Rigby to the plaintiff, at any time within thirty days after notice of entry of the judgment of this court, of the amount of the mortgage, together with interest to the date of payment and the costs of the action, the plaintiff execute and deliver to defendant Alexander Rigby, or to any person to be named by him, an assignment of the bond and mortgage, and, at his request, either an assignment of the judgment of foreclosure and sale or a stipulation vacating and setting aside such judgment and dismissing the action. The judgment as so modified is affirmed, without costs to either party as against the other. The fact that the deed was produced by the grantee thereof and was properly executed and acknowledged by the grantor, raises the presumption that it was delivered at the time when it bears date; and as no evidence is offered to the contrary, this presumption must prevail. Amelia E. Waterman, therefore, owned the fee of the premises and could grant to defendant Rigby the leasehold term. The relations between defendant Rigby and the lessor were not such as to throw upon him the burden of showing that the lease was not obtained by fraud or by the exercise of undue influence, and in the absence of evidence on this subject the validity of the lease is not impaired. The only interest the plaintiff has in this action is to collect the money due upon the bond and mortgage; and as defendant Rigby is in possession of the premises under a lease that is good upon its face, she has no standing to impeach the validity of the lease on the ground that it was obtained by fraud from a party to the action who is not challenging its validity. Defendant Rigby, therefore, made out a clear case of the right to subrogation. Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ., concurred. Order to be settled before Mr. Justice Blackmar.